651 So.2d 748 (1995)
Linda J. BAUER and Russell C. Bauer, Appellants,
v.
Philip R. HARDY, M.D. and Philip R. Hardy, M.D., P.A., Appellee.
No. 94-1422.
District Court of Appeal of Florida, First District.
March 6, 1995.
James R. Thies, Sr., Orange Park, for appellants.
Carl Scott Schuler, Law Offices of Tygart & Schuler, P.A., Jacksonville, for appellee.
PER CURIAM.
This is an appeal from an order finding the Bauers and their attorney in contempt for failure to pay a mediator's fee. We reverse.
In this medical malpractice case, the court ordered the parties to engage in a settlement conference, as required by section 766.108, Florida Statutes. The order appointing a mediator provided that the "Mediator shall be compensated at the rate of $150.00 per hour, which cost shall be borne by the parties equally." Mediation failed, and the case went to trial in November, 1993, with the result that the plaintiffs, the Bauers, recovered nothing. The defendant, Dr. Hardy, paid his portion of the $771.00 mediator's fee, but the plaintiffs did not.
The Bauers filed a petition for bankruptcy in the United States Bankruptcy Court for the Middle District of Florida and relief was ordered on February 2, 1994. On February 28, 1994, the mediator filed his motion for contempt against the Bauers and their attorney alleging they were in willful contempt of court for failure to pay their portion for the mediator's fee or to give a reason for the nonpayment. On March 16, 1994, the Bauers sent a copy of their Suggestion of Bankruptcy to the mediator; in addition, they filed a copy with the court.
A hearing on the motion for contempt was held on March 18, 1994. As a result, the court found the Bauers and their attorney in contempt for failure to pay the mediator's *749 fee. At a subsequent hearing on appellants' attorney's motion to deposit funds with the clerk of the court, the trial court expressed the view that attorneys are responsible for collecting mediation fees from their clients up front if there is any question regarding payment.
We reverse the order of contempt both as to the Bauers and as to their attorney. The trial court did not make a finding that the Bauers had the ability to comply with the order requiring them to pay the mediator's fee before finding them in contempt for nonpayment. See Department of Health and Rehabilitative Services v. State, 616 So.2d 66 (Fla. 1st DCA 1993); see also 11 Fla.Jur.2d "Contempt" § 62 ("Where the contempt consists in the failure to perform an act or duty it is within the power of the offender to perform, the order must set forth the fact that it is within the power of the contemnor to comply, or that he previously had the power to comply but divested himself of that ability through his fault or neglect designed to frustrate the intent and purpose of the order").
The court also erred in finding the Bauers' attorney in contempt. He was not a party to the action, thus was not required to pay the cost. See Fla.R.Civ.P. 1.720(g) ("Where appropriate, each party shall pay a proportionate share of the total charges of the mediator"). See also Sole v. Kneale, 629 So.2d 999 (Fla. 3d DCA 1993) ("There is no substantive basis for holding the attorney of record personally responsible for costs in the absence of authorization by a contract or statute ... or other than as a sanction for wrongdoing"); and 12 Fla.Jur.2d "Costs" § 16 ("While it is proper for an attorney to make a deposit for costs, ordinarily he is not liable for the costs of an action in connection with which he has been employed"). There is no indication in the record that the Bauers' attorney was required to pay the cost as a sanction for wrongdoing, as appellee asserts.
REVERSED.
ERVIN, JOANOS and WOLF, JJ., concur.